**Original filed 11/21/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID WENG,

Petitioner,

vs.

SUSAN FISHER,

Respondent.

No. C 06-2805 JF (PR)

ORDER TO SHOW CAUSE

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the California Board of Prison Terms' ("Board's") failure to grant him parole, and two motions to proceed in forma pauperis. On September 30, 2006, the Court denied Petitioner's motions to proceed in forma pauperis and directed Petitioner to pay the $5.00 filing fee. On October 19, 2006 Petitioner paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

Petitioner pled guilty to kidnaping for robbery and was sentenced to a term of

seven years-to-life in state prison. On July 27, 2004, Petitioner had his seventh parole suitability hearing before the Board. Petitioner was denied parole. Petitioner filed a state habeas petition in the state superior court, appellate court, and supreme court. All of these petitions were denied as of February 22, 2006. The instant petition was filed on April 24, 2006.

## DISCUSSION

A. Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B. Petitioner's Claims

Petitioner alleges the following claims for federal habeas relief: (1) failure for the Board to set a release date based upon the circumstances surrounding the commitment offense and conduct prior to imprisonment for the seventh time violates due process of law under the Fourteenth Amendment; (2) the Board violated due process when it failed to show that: petitioner currently poses an unreasonable risk of danger if released; a nexus between the nature of the offense and Petitioner's potential for violence over twenty years after the offense; and the Board abused its discretion stating that Petitioner poses a threat if paroled. See Petition at 6. Liberally construed, Petitioner's claims are sufficient to require a response. The Court orders Respondent to show cause why the petition for a writ of habeas corpus should not be granted.

## CONCLUSION

1. The Clerk shall serve a copy of this order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of

the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state parole record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on Respondent within **thirty days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: 11/20/06

JEREMY FOGEL
United States District Judge

A copy of this order was mailed to the following:

David Weng
D-62905
CTF -Central, G -Wing 222
Soledad, CA 93960-0689